**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF IDAHO**

| In Re:<br><br>**MARILYNN THOMASON,**<br><br>                      Debtor. | **Bankruptcy Case<br>Nos. 21-40435-JMM<br>and 22-40460-JMM** |
|---|---|

**MEMORANDUM OF DECISION**

*Introduction*

On December 9, 2022, the Debtor[1] filed a document entitled "Certification to Court of Appeals by All Parties."  BK 1 Doc. No. 267; BK 2 Doc. No. 49.[2]  The certification did not specify the final judgment, order, or decree of this Court for which she was seeking a direct appeal.  On December 19, 2022, this Court conducted a status conference on Debtor's various pending motions, including the request for certification.  At the conclusion of the status hearing, the Court instructed the Debtor to set the certification request for hearing but reserved the right to decide the motion without oral argument as permitted by Rule 8006(f)(4).[3]  It does not appear Debtor has ever set the

---

[1] For clarity in this order the Court will refer to Marilynn Thomason as the "Debtor" even though, depending on the context with two bankruptcy cases, two adversary proceedings and various appeals, she may be the debtor, the plaintiff or the appellant.

[2] See explanation of docket references in footnote 4 below.

[3] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

MEMORANDUM OF DECISION−1

certification motion for hearing. Rather, it seems she believes her appeal is already pending before the Ninth Circuit. *See* BK2 Doc. Nos. 59 (Amended Notice of Appeal to the Ninth Circuit Court of Appeals); 61 (amending appeal using Ninth Circuit form); 62 (emergency motion for stay pending appeal filed under Circuit Rule 27-3).

After reviewing the record, the Court concludes that oral argument will not aide it regarding the request for certification and thus enters this memorandum decision without oral argument. For the reasons described below, certification of a direct appeal to Court of Appeals for the Ninth Circuit on any of the orders or judgments of this Court is not appropriate and the request is hereby denied.

### *Relevant Procedural History*

On July 16, 2021, Debtor filed a chapter 13 petition. *In re Thomason,* 21-40435-JMM, at BK1 Doc. No. 1.[4] Following dismissal of that case, Debtor filed a second bankruptcy case on November 8, 2022. In addition, Debtor has commenced two adversary proceedings, both of which remove cases pending in the Idaho state court wherein the Debtor is a party. The first adversary proceeding was dismissed, while the second remains pending. The Court will first address the Debtor's request to certify all the orders in the Adversary proceedings.

---

[4] Debtor has filed four separate cases, two bankruptcy and two adversary, in the bankruptcy court since July 2021. As the Court will reference the dockets of each, the following designations will be made:
*In re Thomason,* 21-40435-JMM will be referred to as "BK1 Doc. No."
*In re Thomason,* 22-40460-JMM will be referred to as "BK2 Doc. No."
*Thomason v. LSF10 Master Participation Trust*, 22-8003-JMM will be referred to as "Adv.1 Doc. No."
*Thomason v. LSF10 Master Participation Trust*, 22-8019-JMM will be referred to as "Adv.2 Doc. No."

MEMORANDUM OF DECISION−2

**A. Certification is Not Granted in the Adversary Proceedings**

The Court has concluded in both adversary proceedings that the issues presented are not core matters and therefore it has issued, pursuant to 28 USC § 157(c)(1) and Rule 9033, a separate report and recommendation to the United States District Court in each of the proceedings. In the first adversary proceeding, the District Court adopted the Bankruptcy Court's report and recommendation and remanded the removed cases back to the Idaho state court on August 31, 2022. Adv.1 Doc. No. 18. The Debtor's notices of appeal dated December 9 and 22, 2022 seek to appeal that decision and therefore may seek a certification.[5] Since remand of the state court cases and dismissal of the first adversary are orders of the United States District Court, *see* 28 U.S.C. § 157(c)(1), it is not appropriate for this Court to consider a certification as 28 U.S.C.§ 158(d)(1) contemplates appellate jurisdiction of the Circuit Court of Appeals for orders of the District Court without certification. An appeal from orders entered by the District Court to the Court of Appeals requires Debtor to file a timely appeal, however this Court does not have the authority to determine the timeliness of any such appeal. More importantly, the mere fact that Debtor is displeased with the orders of the District Court does not support certification of those matters to the Ninth Circuit.

Regarding the second adversary proceeding, on December 23, 2022, this Court issued a report and recommendation to the District Court which remains pending. As

---

[5] The certification is filed in both bankruptcy cases and not the adversary proceedings. Based on statements made by the Debtor at the December 19, 2022, status hearing it is not clear that Debtor is only seeking a certification in the bankruptcy cases. Therefore, to ensure clarity to all parties, this Court will address certification in all four cases and proceedings.

MEMORANDUM OF DECISION–3

such, there is no final order to certify; moreover, depending on the decision of the District Court, certification would likewise be unnecessary pursuant to 28 U.S.C. § 158(d)(1).

Thus, certification of a direct appeal is not appropriate for any order in the two adversary proceedings, and the Court denies any such request. The Court will now turn to the pending requests for certification in the two bankruptcy cases.

**B. Certification is Not Granted in Either Bankruptcy Case**

As stated above, on December 9, 2022, the Debtor filed a document entitled "Certification to Court of Appeals by All Parties." BK1 Doc. No. 267; BK2 Doc. No. 49. In that document, the Debtor represented alternatively that leave to appeal to the Ninth Circuit in this matter is both required and not required under 28 U.S.C. § 158(a).[6] The certification motion did not specify the final judgment, order or decree of this Court that she was seeking to certify. Rather it contains only the reference to this Court and a date that is garbled but appears to state "un/kn." At the December 19 status conference, the Debtor stated that because she is appealing all orders entered in both the first and second bankruptcy cases, she is seeking a certification concerning each of those orders. Debtor's Notices of Appeal corroborate that statement, as they provide that she is appealing "from

---

[6] Debtor is representing herself and used Official Form 424 titled "Certification to Court of Appeals by All Parties." Due to the confusion created by the representations in this document as well as the Notice of Appeal filed on the same day, BK2 Doc. No. 48 at p. 1, wherein the Debtor represented that she was appealing "al [sic] orders under Bankruptcy Case number 21-40435-JMM and Bankruptcy Case no. 22-40460-JMM," the Court conducted a status conference on December 19, 2022, wherein the Debtor and counsel for other parties attended. At the status conference, the Debtor stated that she was appealing all orders of the Court in both bankruptcy cases and the adversary proceedings and she demanded that there be a certification to the Ninth Circuit. Further, the chapter 13 Trustee, LSF-10 Master Participation Trust, and WaFd Bank, who are parties in interest and thus may be appellees in any appeal, each stated that they did not join in the certification request. At the status conference, the Debtor acknowledged that she did not have the agreement of other parties to the appeal, but she may have been confused about Official Form 424.

MEMORANDUM OF DECISION−4

al [sic] orders under [the first bankruptcy case] and [the second bankruptcy case],"
including orders not yet entered.  BK1 Doc. Nos. 266 & 277; BK2 Doc. Nos. 48 & 59.

    1.  First Bankruptcy Case

With respect to the first bankruptcy case, there are numerous issues regarding the timeliness and appropriateness of her notices of appeal given that the case was dismissed on June 13, 2022, and the Motion for Reconsideration of that dismissal order was denied on August 5, 2022.  BK1 Doc Nos. 224, 240.  Moreover, all other orders she complains of in the first bankruptcy case were entered prior to August 5, 2022.  Pursuant to Rule 8002, a notice of appeal must be filed within 14 days from the entry of the order that is being appealed.  As such, it is likely any appeal from the first bankruptcy case is untimely.

There are, however, orders entered in the first bankruptcy case in November and December 2022.[7]  These orders were entered based on duplicate motions filed by the Debtor in both the first and second bankruptcy cases.  Those orders are tied to the Debtor's motion seeking to extend the automatic stay in the second bankruptcy case beyond the 30-day stay provided by § 362(c)(3).  As the relief sought by the Debtor is in the second bankruptcy case, certification of those orders is not appropriate for the reasons specified below.

---

[7] On November 29, 2022, the Court entered an order denying Debtor's request to reimpose the automatic stay in the first bankruptcy case as to LSF10 Master Participation Trust, for which stay relief had previously been given. BK1 Doc. No. 258. The Order granting stay relief was reconsidered and denied by this Court and both have been appealed by the Debtor to the District Court. On December 6, 2022, this Court denied Debtor's motion to continue the stay as to all creditors in the bankruptcy case. BK1Doc.Nos 262 and 263.

MEMORANDUM OF DECISION−5

Further, Congress mandated that certification, at least under 28 U.S.C. § 158(d)(2)(B), "shall be made not later than 60 days after the entry of the judgment, order, or decree." 28 U.S.C. § 158(d)(2)(E). That deadline had long expired by December 9, 2022, when the notice of appeal was filed by the Debtor.

In addition, two of this Court's orders in the first bankruptcy case have already been appealed to the District Court. The first is the order granting stay relief in favor of LSF-10 Master Participation Trust, which order was entered on November 17, 2021, and the denial of the Debtor's motion for reconsideration of that order was entered on December 21, 2021. BK1 Doc. Nos. 103–104, 122–23, 138 and 147. That appeal to the District Court commenced on January 4, 2022 and remains pending. *Thomason v. LSF10 Master Participation Trust*, 22-00022-DCN. As such, certification of those two orders is currently unripe and, if the District Court rules against Debtor, unnecessary.

The second order which Debtor has likewise already commenced an appeal is this Court's order entered February 2, 2022, overruling the Debtor's objection to a proof of claim filed by WaFd Bank. BK1 Doc. Nos. 162, 163. Debtor appealed that order to the District Court.[8] That appeal was designated *Thomason v. WaFd Bank,* 22-00140-DCN. The District Court dismissed that appeal on October 14, 2022. BK1 Doc. No. 246.[9]

---

[8] This appeal took a more tortuous procedural route. On February 10, 2022, Debtor attempted to amend the existing appeal of the stay relief order in the District Court, 22-00022-DCN, to add an appeal of this Court's order overruling Debtor's objection to the WaFd proof of claim. The District Court ordered that such amendment was improper and directed the Debtor to file a separate notice of appeal within 30 days, which she did on March 28, 2022. *See* District Court Order entered February 24, 2022, BK1 Doc. Nos. 178, 191.

[9] It should be noted that Debtor references in her December 9, 2022, Notice of Appeal that she was damaged by violations of the automatic stay by various parties during the first bankruptcy case. The

MEMORANDUM OF DECISION−6

2. Second Bankruptcy Case

Regarding the second bankruptcy case, a certification may be timely. Debtor's First Amended Notice of Appeal, again states that she appeals from "al [sic] orders under [the first bankruptcy case] and [the second bankruptcy case] … including any and all alleged rulings and orders, currently set for MOTION FOR RECONSIDERATION, as of yet been not concluded, scheduled for January 30, 2023." BK2 Doc. No. 59 (emphasis in original). The amended motion further identifies the following issues:

- ORDERS and DECISIONS made in connection with hearing held on Monday, December 19th, 2022 as well as, newly received orders and rulings, which are also being added to the scheduled hearing set for January 30, 2023 at 1:30 PM along with the 4:22-mc-00175-DNC, dkt. 6, "Amended Order … dkt 2…",
- Dec. 6, 2022 Doc 43 Order Denying Automatic Stay, Case 22-40460-JMM;
- Dec. 6, 2022 Notice and Order Re: Plan Exhibits Doc 9, Case 22-40460-JMM;
- Dec. 6, 2022 Order Denying Automatic Stay with Respect to LSF10 Master Participation Trust 22-40460-JMM, Doc 36;
- Dec 6, 2022 Order Denying Automatic Stay with Respect to LSF10 Master Participation Trust 21-40435-JMM, Doc 258;
- Dec 6, 2022 Order Denying Automatic Stay in Case 21-40435-JMM;
- Dec 6, 2022 Order Denying Automatic Stay in Case 21-40435-JMM;
- Dec 6, 2022 Order Denying Extension of Time Case 22-40460-JMM;
- Dec 6, 2022 Order Granting LSF10 Dismissal Case 22-40460-JMM;
- Dec 6, 2022 Order Granting Trustee Dismissal Case 22-40460-JMM;
- Dec 6, 2022 Doc 41 Memorandum of Court Case 22-40460-JMM;
- Dec 6, 2022 Order Denying Extension of Automatic Stay Case 22-40435-JMM [sic];
- Dec 6, 2022 Order Denying Extension of Automatic Stay Case 21-40435-JMM;
- Dec 9, 2022 Order Directing Payment to Trustee, Case 22-40460-JMM;

---

Debtor initially filed a motion seeking sanctions for such violations on June 9, 2022. BK1 Doc. No. 220. The Court conducted a telephone hearing and informed the Debtor that it would require an evidentiary hearing to prove up the allegations in her motion, which hearing was scheduled. The Debtor then asked to extend that hearing date and ultimately asked to have that hearing vacated on October 19, 2022. BK1 Doc. Nos. 243, 247–48. While the Debtor indicated she intended to file an amended motion alleging stay violations, this has not occurred. As such, there has been no adjudication of any stay violation issues, and therefore no appealable orders have been entered.

MEMORANDUM OF DECISION−7

- Dec 12, 2022 Trustee Final Report, Case 22-40460-JMM
- Dec 19, 2022 Hearing for issues alleged by LSF10, WaFd and Trustee, without Due Process Upon Thomason; among other issues or orders received after this filing of a SECOND amended appeal NOTICE, HEREAFTER;

BK2 Doc. No. 59 (emphasis in original).

### a) Standard for Certification of Appeal

Certification of a direct appeal to the Court of Appeals is controlled by 28 U.S.C.158(d)(2)(A) or (B). That statute provides:

> (2)(A) The appropriate court of appeals shall have jurisdiction of appeals described in the first sentence of subsection (a) if the bankruptcy court, the district court, or the bankruptcy appellate panel involved, acting on its own motion or on the request of a party to the judgment, order, or decree described in such first sentence, or all the appellants and appellees (if any) acting jointly, certify that--
> 
> (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
> (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
> (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken;
> 
> and if the court of appeals authorizes the direct appeal of the judgment, order, or decree.
> 
> (B) If the bankruptcy court, the district court, or the bankruptcy appellate panel--
> (i) on its own motion or on the request of a party, determines that a circumstance specified in clause (i), (ii), or (iii) of subparagraph (A) exists; or
> (ii) receives a request made by a majority of the appellants and a majority of appellees (if any) to make the certification described in subparagraph (A); then the bankruptcy court, the district court, or the bankruptcy appellate panel shall make the certification described in subparagraph (A).

The Court will apply the foregoing to Debtor's motion for certification.

MEMORANDUM OF DECISION−8

*b) Analysis*

As it is clear that no party but the Debtor is asking for certification, then the certification described in 28 U.S.C. § 158(d)(2)(B) or the last clause of § 158(d)(2)(A) are not applicable. Similarly, this Court is not seeking certification on its own motion. Therefore, the question before this Court is whether Debtor's request for certification of the orders entered in the second bankruptcy case is proper. This involves an examination of 28 U.S.C. § 158(d)(2)(A)(i), (ii), and (iii).

### 1) Subparts (i), (ii), or (iii) Do not Support Certification of the Dismissal Order to the Court of Appeals

The Debtor does not point to any question of law in any of the orders she lists that has not been addressed by the Court of Appeals. The Court starts with the order dismissing the second bankruptcy case. The case was dismissed for the reasons described in this Court's Memorandum Decision filed December 6, 2022. BK 2 Doc. No. 41 and 42. The reasons for the dismissal included bad faith addressed in *Eisen v. Curry* (*In re Eisen*), 14 F.3d 469, 470 (9th Cir. 1994) ("A Chapter 13 petition filed in bad faith may be dismissed 'for cause' pursuant to 11 U.S.C. § 1307(c)."); *Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219,1224 (9th Cir. 1999) ("We hold that bad faith is 'cause' for a dismissal of a Chapter 13 case with prejudice under § 349(a) and § 1307(c)."). Thus, there is not an unanswered question of law in the Ninth Circuit at issue in the Court's decision. Nor has the Debtor articulated any public policy reason. It is clear to the Court that she believes that the state court, that permitted foreclosure of LSF10 Master Participation Trust's lien, was wrong, and this adversely affects her. But there has been no showing how this

MEMORANDUM OF DECISION–9

affects public policy. Further, the Court is not aware of any conflicting decisions that are not controlled by the case law described above, thereby eliminating any argument by the Debtor under subparagraph (ii) that the case should be certified. Finally, concerning subpart (iii) the Court does not believe that progress in this bankruptcy case will be materially advanced by certification. This conclusion is based on the fact that this is the second bankruptcy case wherein the Debtor is making substantially the same arguments as she made in the first bankruptcy case. Moreover, the disputes with LSF10 Master Participation Trust and WaFd Bank all originated in the Idaho state courts, which in both instances had advanced to a final foreclosure decree and in which Debtor had an opportunity to raise the same issues there that she has raised before this Court.

In the instance of LSF10 Master Participation Trust, the state court litigation has advanced to the Idaho Supreme Court following an appeal by the Debtor, but which was dismissed for failure to prosecute. BK1 Doc. No. 103 at n4. The case was then returned to the state court to conduct a sheriff's sale and an unlawful detainer action when Debtor failed to vacate the property. Although Debtor was not satisfied with those results, she has not utilized the bankruptcy court to attempt to reorganize those debts but rather to similarly protest the viability of the lien securing the debt. As such, a direct appeal to the Ninth Circuit Court of Appeals of this Court's dismissal of the second bankruptcy case is not supported by the limited reasons permitted in (d)(2)(A) (i), (ii) or (iii).

MEMORANDUM OF DECISION−10

### 2) Subparts (i), (ii), or (iii) Do not Support Certification of the Orders Declining to Continue the Automatic Stay to the Court of Appeals

Debtor next argues that the Court's orders declining to continue the automatic stay in the second bankruptcy case should be certified. Again, after considering the requirements for certification under subparts (i), (ii), and (iii), the Court concludes that the certification is not warranted. The Court entered two separate orders: the first, dated November 29, 2022, declined to continue the stay as to LSF10 Master Participation Trust; the second, dated December 6, 2022, denied Debtor's motion to continue the stay as to all other creditors. BK2 Doc. Nos. 36 & 42.

With respect to the first order, the Court relied on the clear language of the statute as well as reported decisions to conclude that the automatic stay should not be continued under § 362(c)(3)(B). That subsection calls for a fact-driven analysis and places the burden on the Debtor to overcome, by clear and convincing evidence, a presumption that the filing of a second bankruptcy petition is not in good faith. As such, there are no questions of law present that await a Ninth Circuit holding. Moreover, the order dismissing the second bankruptcy case rendered moot both orders declining to extend the automatic stay, leaving no issue remaining to certify. The bankruptcy stay terminates when the bankruptcy case is dismissed. The Bankruptcy Code states that the stay terminates as to property of the estate when it is no longer estate property[10] and as to all

---

[10] Section 349(b)(3) provides that unless the court otherwise orders, the dismissal of a bankruptcy case "revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title." This Court did not order otherwise.

MEMORANDUM OF DECISION−11

other acts when the case is dismissed. §§ 362(c)(1) & (c)(2)(B). Since the case was dismissed within 30 days of filing, the stay terminated and any issue concerning whether the Court's properly declined to continue the stay under § 362(c)(3)(B) was rendered moot. Finally, there is no showing of a public importance that warrants a direct appeal.

Subpart (ii) of 28 U.S.C. § 158(d)(2) also does not support certification. The Court is not aware of a split in this District or among other circuits concerning the extension of the stay. Finally, subpart (iii) likewise does not support certification primarily for the reasons already specified under (i). Because the issue is mooted by the dismissal, a direct appeal will not materially advance the progress of the bankruptcy case.

### 3) Subparts (i), (ii), or (iii) Do not Support Certification of the Orders Declining to Continue the Automatic Stay to the Court of Appeals

The next order Debtor seeks certification on is the requirement to obtain credit counseling within 180 days before she filed the second bankruptcy case. This, again, is primarily a fact-driven question with respect to a statute that is clear not only on the requirement but also as to the exceptions. The analysis regarding this statute, §109(h), is contained in the Court's Memorandum Decision. BK2 Doc. No. 41. While the Court did not cite any Ninth Circuit authority in support of its holding and is not aware of any such authority, the issue is not a complex legal issue but rather a factual question about whether the Debtor qualified for an exception as she admittedly did not obtain the required counseling within 180 days of the filing. The Court found that she did not qualify for an exception, but rather possibly misunderstood the language of the statute. Under (ii), the Court is not aware of conflicting interpretations of the exceptions in this

MEMORANDUM OF DECISION−12

District or other Circuits that would require a direct appeal. Lastly, for many of the reasons stated above, including the fact that the second bankruptcy case was dismissed,[11] a direct appeal and decision by the Court of Appeals will neither advance the progress of this dismissed bankruptcy case nor resolve an issue of public importance.

> 4) Subparts (i), (ii), or (iii) Do not Support Certification of the Order Regarding Debtor's Plan Exhibits to the Court of Appeals

On November 10, 2022, this Court entered an order explaining to Debtor that the approximately 200 pages of exhibits attached to her proposed chapter 13 plan had been filed under seal by the Court. BK2 Doc. No. 13. The exhibits contained numerous personal identifiers that had not been redacted, a violation of Rule 9037 and Local Bankruptcy Rule 9037.1.

The Court directed Debtor to make the necessary redactions and serve the exhibits to all parties if she felt the exhibits were a necessary part of her plan. Debtor did not do so, and now appeals the Court's order.

The Court concludes that there is no question of law presented here for which there are either conflicting decisions or no controlling Ninth Circuit decision. Rather, a review of Rule 9037 makes clear that filings on the Court's docket must not include personal identifiers. Moreover, the question of "public importance" clearly favors sealing and redaction. Thus, certification is not warranted under (i) or (ii). Finally,

---

[11] This Court acknowledges that one of the reasons for the dismissal of the second bankruptcy case was the failure of the Debtor to obtain credit counselling. But it was only one of several reasons. As such, the issue of lack of credit counseling or a valid exception to that requirement is not such an important issue to determine that skipping the intermediate appeal is warranted in this bankruptcy case.

MEMORANDUM OF DECISION–13

regarding (iii), the presence or absence of those exhibits, even if not sealed by the Court, would not materially alter the terms of Debtor's proposed plan, which the Court previously deemed unconfirmable, and thus the issue of redaction/sealing will not materially advance the case. Moreover, as noted above, the second bankruptcy case has been dismissed. As such, (iii) provides no basis for certification of the appeal of the Court's order requiring redaction and service of the exhibits.

### 5) Subparts (i), (ii), or (iii) Do not Support Certification of the Trustee's Final Report to the Court of Appeals

Included in her Notice of Appeal is Debtor's apparent attempt to certify an appeal of the Trustee's Final Report and Order Directing Payment to Trustee. BK2 Doc. No. 59. Initially, the Court notes that the Trustee's final report is required by statute, and if Debtor objects to it, Rule 5009 gives Debtor 30 days to object to the Trustee's Final Report before the case is closed. Because appeals may only be taken from orders of the Court, Debtor's appeal of the Trustee's filing is improper. As such, the Court cannot certify a direct appeal under any subsection of 28 U.S.C. § 158. Regarding the order directing payment to the trustee, the Court finds no such order on its docket.

Finally, to the extent Debtor is attempting to certify an appeal for orders not yet issued, that is clearly procedurally improper. The time for filing an appeal does not begin to run until the court enters an order or judgment from which an appeal may be taken. Rule 8002(a). Until the Court enters an order, no appeal is ripe.

MEMORANDUM OF DECISION–14

*Conclusion*

Despite the effort made by this Court to clearly articulate the reasons for its findings and conclusions in each of the orders entered in both the first and second bankruptcy cases as well as the adversary proceedings, Debtor persists in filing meritless motions. It is clear Debtor is dissatisfied with the decisions rendered in the Idaho state courts that did not adopt the positions and defenses she raised regarding the monetary and lien claims of LSF10 Participation Trust and WaFd Bank. Rather than utilizing the bankruptcy system to reorganize those debts, the Debtor has instead engaged in what can only be described as a poorly disguised appeal of the state court's decisions. This motion for certification is a further example of Debtor's attempts to delay rather than to address the relief granted to her two creditors by the state courts. Further efforts to use the bankruptcy system for such improper purpose may be regarded as sanctionable conduct.

For the reasons stated above, Debtor's motion to certify her appeal to the Ninth Circuit is denied as to all orders entered in each of the bankruptcy cases and both adversary proceedings. Because Debtor has filed a notice of appeal, she must provide written notice, on or before Friday, January 13, 2023, of her election to have the appeal heard by the District Court; otherwise, pursuant to Rule 8005, the appeal will be heard by the Bankruptcy Appellate Panel. A separate order will be entered.



DATED: January 3, 2023

_____
JOSEPH M. MEIER
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION−15